**Silvia Lucrecia PIVARAL–AGUILAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73185.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Pauline H. Milius, Attorney, DOJ–U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

**MEMORANDUM ****

Silvia Lucrecia Pivaral–Aguilar, a native and citizen of Guatemala, petitions for re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") order summarily affirming her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.

█ Substantial evidence supports the IJ's finding that Pivaral–Aguilar failed to establish past persecution or a well-founded fear of future persecution on account of an imputed political opinion or membership in a particular social group. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028–30 (9th Cir.2000). Moreover, Pivaral–Aguilar's fear of future persecution is not well-founded because her similarly situated family members remain in Guatemala without harm. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001)

█ Finally, because Pivaral–Aguilar did not raise her withholding of removal or CAT claims before the BIA, they are unexhausted and we lack jurisdiction to review them. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**